**Matthew HEAD, Plaintiff—Appellee,**

v.

**GLACIER NORTHWEST, INCORPORATED, Defendant—Appellant.**

**No. 06–35385.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed March 17, 2008.

Scott N. Hunt, Esq., Busse and Hunt, Portland, OR, for Plaintiff–Appellee.

William Tracy Grimm, Esq., Davis Grimm Payne & Marra, Seattle, WA, for Defendant–Appellant.

Before: BERZON and BEA, Circuit Judges, and GUTIERREZ *, District Judge.

---

* The Honorable Philip S. Gutierrez, United States District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

Matthew Head was fired by Glacier Northwest, Incorporated ("Glacier"), after he submerged a loader in a mud hole. Glacier contended it fired Head solely because he committed "equipment abuse" by submerging the loader, causing the loader potentially serious long-term damage. Head brought an action claiming, among other things, Glacier fired him in retaliation for Head's request Glacier reasonably accommodate Head's disability, depression and bipolar disorder. He claimed this firing was in violation of the American with Disabilities Act. After trial, a jury found that Head's request for an accommodation for his disability was a motivating factor in Glacier's decision to fire Head, and awarded him compensatory damages totaling $160,000. The district court then awarded Head attorneys' fees totaling $190,371.60.

Glacier appeals: (1) the district court's grant of Head's motion in limine excluding evidence of the "ultimate disposition" of the loader, i.e., that the loader was "totaled"; (2) the district court's denial of Glacier's motion for a new trial; and (3) the district court's order awarding Head attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

■ The district court did not abuse its discretion by excluding evidence the loader was totaled. Glacier did not learn the full extent of the damage Head caused the loader until *after* it fired Head. Even assuming the evidence was relevant to Glacier's motivation at the time it fired Head, the district court did not abuse its discretion by excluding it. *See* Fed.R.Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Glacier also contends the district court abused its discretion by excluding the evidence because it was relevant to the credibility of Glacier's witnesses. Specifically, the evidence would have rehabilitated Eric Muller and Mark Tougas, after Head challenged their testimony they fired Head because they believed Head had caused long-term damage to the loader. Glacier, however, did not re-offer the evidence at that point.

■ Next, Glacier contends the district court abused its discretion by denying its motion for a new trial because there was no evidence the decision-maker for Head's discharge, Muller, was motivated by a discriminatory animus. There was, however, ample evidence Tougas was biased, and Glacier does not challenge this evidence on appeal. There also was evidence Tougas "influenced or participated in the decision[-]making process," based on which a rational jury could conclude Tougas's discriminatory animus affected the employment decision. *Dominguez–Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1039–40 (9th Cir.2005).

Finally, the district court did not abuse its discretion in awarding Head the lodestar amount of $190,371.50 in attorneys' fees. The district court did not abuse its discretion in finding Head's claims arose from a common core of facts and were intended to remedy a common course of conduct. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir.1995). The district court also was within its discretion in assessing the extent of Head's success

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and determining his success merited an award of the lodestar amount. *Id.*

**AFFIRMED.**

